TEXAS & P. RY. CO. v. BURSEY.
(No. 1736.)

(Court of Civil Appeals of Texas. Texarkana. Feb. 14, 1917. Rehearing Denied March 1, 1917.)

1. MASTER AND SERVANT ☞150(1)—INJURIES TO SERVANT—DUTY TO WARN.

Where the servant solicits employment in a particular calling, the master has the right to assume, in the absence of information to the contrary, that he is qualified for that particular work, and the duty of cautioning and instructing him other than as to latent or extraordinary dangers arises only from facts brought to the master's notice.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 297, 300.]

2. MASTER AND SERVANT ☞150(1)—INJURIES TO SERVANT—DUTY TO WARN.

Where a servant took a job "to keep up the blocks on one side of a flat car so as to hold it steady when a steam shovel was working," he did not so hold himself out as competent to

do mechanical work on the crane of the steam shovel as to absolve the master from warning him of the danger of standing on cogwheels which were started without warning, mangling his foot.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 297, 300.]

3. MASTER AND SERVANT ⊗⇒155(1)—INJURIES TO SERVANT—DUTY TO WARN.

Where a servant employed at other business was ordered by the foreman to climb the crane of a steam shovel and tighten nuts on a U-bolt, and in doing so he stood upon cogwheels, there being no other place to stand, when a servant started the machinery, causing injuries, the fact that the injured servant was of mature years or that the danger was obvious did not preclude recovery, where the evidence showed that he was totally unfamiliar with machinery and was not warned of the danger.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. § 310.]

4. EVIDENCE ⊗⇒588—QUESTIONS FOR JURY—CREDIBILITY OF WITNESSES.

Though a witness is contradicted, the jury has the right to pass on his credibility and accept his version to the exclusion of conflicting evidence.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. § 2437; Witnesses, Cent. Dig. § 1164.]

Appeal from District Court, Harrison County; H. T. Lyttleton, Judge.

Action by Walter Bursey against the Texas & Pacific Railway Company. Judgment for plaintiff, and defendant appeals. Affirmed.

F. H. Prendergast, of Marshall, for appellant. P. O. Beard and T. W. Davidson, both of Marshall, for appellee.

HODGES, J. This appeal is from a judgment in favor of the appellee against the appellant for damages resulting from personal injuries. The evidence shows that at the time of the injury the appellee was in the service of the appellant and was engaged in an effort to adjust some nuts on a steam shovel. According to his testimony, he had been in the service of the appellant six days prior to the injury, and his "regular job was to keep up the blocks on one side of the flat car so as to hold it steady when it worked." The steam shovel was on a flat car, which could be moved from place to place as required. A new dipper had been put on, but for some reason the machinery did not operate satisfactorily. The appellee and another employé were directed to ascend the boom and adjust some nuts on a U-bolt. Below the shaft where they were at work was a group of cogwheels that revolved as the levers were moved. In taking his position to turn the nuts the appellee placed one of his feet upon or near those cogwheels, and while attempting to manipulate the wrench the cogwheels begun to turn and mashed his foot. The original petition charged negligence on the part of the appellant in starting the machinery while the appellee was in that position, and also in failing to warn him of the

dangers to which he exposed himself in performing that kind of work.

The court gave the following as a part of his general charge.

"(4) Now, if you believe from the preponderance of the evidence that the plaintiff, Walter Bursey, was engaged in fastening or tightening a nut upon the steam shovel of the defendant about the 6th day of December, 1915, and while so engaged the defendant's agents and servants in charge of said steam shovel caused the machinery to move, and that the act of moving the machinery, if it was moved, was negligence, and that said negligence caused plaintiff's foot to be injured as alleged in his petition, then you will find for the plaintiff, unless you find for the defendant under other portions of this charge.

"(5) Or, if you believe that the plaintiff, Walter Bursey, was not familiar with the work that he was performing, and did not understand the danger of his position, if any, and that the loosening of the nut on the U-bolt, if it was loosened, caused the machinery to move, thereby injuring him, and that the plaintiff had not been warned of the danger, if any, and that the defendant was negligent in not having warned him under the circumstances, then in that event you will find for the plaintiff."

In its first assigned error the appellant complains that the second of the above-quoted paragraphs was erroneous: First, because the danger to Bursey from placing his foot on a part of the machinery that turned was obvious and could readily have been seen by him; and, second, because, Bursey being a man of mature years, it did not devolve upon the appellant to warn him concerning the danger to which he was exposed.

[1-3] While it is true the evidence does show that Bursey was a man of mature years, he also testified that he was unaccustomed to that character of work and was ignorant of the danger of placing his foot in the position in which it was when injured. The rule seems to be that, where the servant solicits employment in a particular calling, the master has the right to assume, in the absence of information to the contrary, that the servant is qualified for that particular work, and the duty of cautioning and instructing the servant other than as to latent or extraordinary dangers arising only from facts brought to the master's notice of the disqualification of the servant to safely encounter dangers known to him. 1 Bailey on Personal Injuries, p. 646; 3 Labatt on Master and Servant (2d Ed.) § 1148. That rule is apparently the one invoked in this instance; but we think it has no application, for the reason that it is not shown that Bursey was employed to do that particular character of work. The evidence is sufficient to justify the conclusion that he was entirely ignorant of the dangers to which he became exposed, and that this was known to the appellant. There is nothing in the evidence to indicate that he induced his employers to believe that he was fitted for that character of work or knew the dangers incident to its performance. The author last referred to says:

"The question whether the master at the time of engaging the servant, or afterwards, ought to have inquired whether he was experienced or not, or should have taken notice, under all the facts, of the probability that he was not, nothing being said on the subject by either party, is a question for the jury."

The court not only required the jury to find that Bursey was ignorant and was not warned, but that the appellant was negligent in not having warned him under the particular circumstances. We do not think the charge is subject to the objections made.

At the instance of the appellant the court gave the following special charge. The jury are charged:

"That, if you believe in this case that Bursey put his foot on a part of the machine which was caused to move and mash his foot on the bolt, and you also find that there was room to have placed his foot on a portion of the boom that was not moved when the machinery was operated, and which place would have been safe for him to place his foot [upon], then you cannot find for the plaintiff. In such case you will return a verdict for the defendant, provided you believe from the evidence that plaintiff Bursey knew, or by the exercise of ordinary care could have known, that the place where he did put his foot was not safe."

Bursey testified:

"One of my feet was on the running board, and I was straddle of the crane. My right foot is the one that got mashed. When the thing is in operation the piece that I had my foot on turns over. I don't know where the thing was that caught my foot. I was tightening the bolt when I got hurt, not loosening it. Two of us were pulling at it with a wrench three feet long."

The foreman of appellant testified:

"There was nothing to stand on on the right side except the stick of timber there, one-half of the boom, about six inches wide, which is about half raised."

[4] It is finally contended that the evidence was insufficient to support the verdict. In addition to the evidence relied upon to show negligence in a failure to warn Bursey, one of his witnesses testified that he saw the man in charge of the engine turn on the steam and start the machinery. While this witness was contradicted by other testimony, the jury had a right to pass upon his credibility and accept his version to the exclusion of the conflicting evidence.

The judgment of the district court will therefore be affirmed.